**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. MJG-11-0095** |
| **JOHN FRANKLIN,** | * | |
| **Defendant.** | * | |

...oOo...

## UNITED STATES'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its undersigned counsel, respectfully requests that the Court instruct the jury in this case using the following proposed instructions.  The Government reserves the right to request further instructions should an issue arise during the trial that may necessitate such additional instructions.  Except where expressly stated, all of these requested instructions are standard instructions from L. Sand, J. Siffert, W. Loughlin & S. Reiss, <u>Modern Federal Jury Instructions: Criminal</u>.

The Government further requests that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel prior to counsel's arguments to the jury whether it will give the requested instructions.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
John W. Sippel, Jr.
Gerald A.A. Collins
Assistant United States Attorneys

# TABLE OF CONTENTS

## INTRODUCTORY INSTRUCTIONS

JURY INSTRUCTION NO. 1
 (Juror Attentiveness). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURY INSTRUCTION NO. 2
 (Role of the Court). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

JURY INSTRUCTION NO. 3
 (Role of the Jury). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

JURY INSTRUCTION NO. 4
 (Juror Obligations). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

JURY INSTRUCTION NO. 5
 (The Government as a Party). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

JURY INSTRUCTION NO. 6
 (Conduct of Counsel) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

JURY INSTRUCTION NO. 7
 (Improper Considerations). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

JURY INSTRUCTION NO. 8
 (Sympathy). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

JURY INSTRUCTION NO. 9
 (Jury to Consider Only this Defendant). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

JURY INSTRUCTION NO. 10
 (Presumption of Innocence -- Burden of Proof). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

JURY INSTRUCTION NO. 11
 (Variance – Dates). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

JURY INSTRUCTION NO. 12
 (Specific Investigative Techniques Not Required) . . . . . . . . . . . . . . . . . . . . . . . . . 13

JURY INSTRUCTION NO. 13
 (Direct and Circumstantial Evidence) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

JURY INSTRUCTION NO. 14
    (Testimony, Exhibits and Stipulations in General). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

JURY INSTRUCTION NO. 15
    (Questions). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

JURY INSTRUCTION NO. 16
    (Stipulation of Facts). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

JURY INSTRUCTION NO. 17
    (Charts and Summaries Admitted as Evidence). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

JURY INSTRUCTION NO. 18
    (Improper Consideration of Defendant's Right Not to Testify). . . . . . . . . . . . . . . . . . . . 20

JURY INSTRUCTION NO. 19
    (Inference Defined (Presumptions)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

JURY INSTRUCTION NO. 20
    (Consciousness of Guilt from Flight). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

JURY INSTRUCTION NO. 21
    (Recently Stolen Property). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

JURY INSTRUCTION NO. 22
    (Witness Credibility -- General Instruction). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

JURY INSTRUCTION NO. 23
    (Interest in Outcome). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

JURY INSTRUCTION NO. 24
    (Defendant's Interest if Defendant Testifies). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

JURY INSTRUCTION NO. 25
    (Impeachment by Felony Conviction). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

JURY INSTRUCTION NO. 26
    (Impeachment by Prior Inconsistent Statement). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

JURY INSTRUCTION NO. 27
    (Expert Witness). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

JURY INSTRUCTION NO. 28
  (Law Enforcement Witness). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

JURY INSTRUCTION NO. 29
  (Indictment is not Evidence). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

JURY INSTRUCTION NO. 30
  (Multiple Counts - Single Defendant). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

JURY INSTRUCTION NO. 31
  (Introduction to the Charges). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

## COUNT ONE

JURY INSTRUCTION NO. 32
  (Count One - Conspiracy to Commit Carjacking). . . . . . . . . . . . . . . . . . . . . . . . . . . 36

JURY INSTRUCTION NO. 33
  (Count One - Purpose of the Statute). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

JURY INSTRUCTION NO. 34
  (Count One - Elements of the Offense). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

JURY INSTRUCTION NO. 35
  (First Element  - Existence of Agreement). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

JURY INSTRUCTION NO. 36
  (Second Element - Membership in the Conspiracy). . . . . . . . . . . . . . . . . . . . . . . . . 41

JURY INSTRUCTION NO. 37
  (Third Element - Commission of Act in Furtherance of the Conspiracy). . . . . . . . . . . 44

JURY INSTRUCTION NO. 38
  (Fourth Element - Carjacking is a Crime Which may be
  Prosecuted in Federal Court). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

JURY INSTRUCTION NO. 39
  (Acts and Declarations of Co-Conspirators). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

JURY INSTRUCTION NO. 40
  (Conspirator's Liability for Substantive Crimes
  Committed by Co-Conspirators - <u>Pinkerton</u> Charge). . . . . . . . . . . . . . . . . . . . . . . . 48

JURY INSTRUCTION NO. 41
    (Aiding and Abetting). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

**COUNTS TWO AND FOUR**

JURY INSTRUCTION NO. 42
    (Counts Two and Four - Carjacking). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

JURY INSTRUCTION NO. 43
    (Counts Two and Four - Elements of the Offense). . . . . . . . . . . . . . . . . . . . . . . . . . . 54

JURY INSTRUCTION NO. 44
    (First Element - Taking of a Motor Vehicle From the Person or
    Presence of Another). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

JURY INSTRUCTION NO. 45
    (Inference from Possession of Recently Stolen Motor Vehicle). . . . . . . . . . . . . . . . . 56

JURY INSTRUCTION NO. 46
    (Second Element - Use of Force and Violence or Intimidation). . . . . . . . . . . . . . . . . 58

JURY INSTRUCTION NO. 47
    (Third Element - Intent to Cause Death or Serious Bodily Harm). . . . . . . . . . . . . . . . 60

JURY INSTRUCTION NO. 48
    (Fourth Element - Motor Vehicle that Had in Interstate Commerce). . . . . . . . . . . . . . 61

**COUNTS THREE AND FIVE**

JURY INSTRUCTION NO. 49
    (Counts Three and Five - Possession of a Firearm in Furtherance
    of a Crime of Violence). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

JURY INSTRUCTION NO. 50
    (Counts Three and Five - Elements of the Offense). . . . . . . . . . . . . . . . . . . . . . . . . . . 64

JURY INSTRUCTION NO. 51
    (First Element - Commission of the Predicate Crime). . . . . . . . . . . . . . . . . . . . . . . . . 65

JURY INSTRUCTION NO. 52
    (Second Element - Possession of Firearm in Furtherance of Crime of Violence). . . . . . . 66

# COUNT SIX

JURY INSTRUCTION NO. 53
   (Count Six - Felon in Possession of Firearm). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

JURY INSTRUCTION NO. 54
   (Purpose of the Statute). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

JURY INSTRUCTION NO. 55
   (Elements of the Offense). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

JURY INSTRUCTION NO. 56
   (First Element - Defendant's Prior Conviction). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

JURY INSTRUCTION NO. 57
   (Second Element - Defendant Possessed a "Firearm"). . . . . . . . . . . . . . . . . . . . . . . . . . . 72

JURY INSTRUCTION NO. 58
   (Third Element - In or Affecting Commerce). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

# CONCLUDING INSTRUCTIONS

JURY INSTRUCTION NO. 59
   (Punishment). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

JURY INSTRUCTION NO. 60
   (Selection of the Foreperson). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

JURY INSTRUCTION NO. 61
   (Duty To Consult and Need for Unanimity). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

JURY INSTRUCTION NO. 62
   (Communication with the Court). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

JURY INSTRUCTION NO. 63
   (Verdict Form). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

## JURY INSTRUCTION NO. 1

### (Juror Attentiveness)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

Sand, Modern Federal Jury Instructions, 2-1.

# JURY INSTRUCTION NO. 2

### (Role of the Court)

You have now heard all of the evidence in the case, and you will soon hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Sand, <u>Modern Federal Jury Instructions</u>, 2-2 (modified).

## JURY INSTRUCTION NO. 3

### (Role of the Jury)

Your final role is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility -- or believability -- of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses -- the testimony they gave, as you recall it -- and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sand, <u>Modern Federal Jury Instructions</u>, 2-3.

## JURY INSTRUCTION NO. 4

### (Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sand, <u>Modern Federal Jury Instructions</u>, 2-4.

## JURY INSTRUCTION NO. 5

### (The Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand, Modern Federal Jury Instructions, 2-5.

## JURY INSTRUCTION NO. 6

### (Conduct of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the bench out of the hearing of the jury.  All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.


Sand, <u>Modern Federal Jury Instructions</u>, 2-8 (modified).

## JURY INSTRUCTION NO. 7

### (Improper Considerations)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about a defendant's race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Sand, <u>Modern Federal Jury Instructions</u>, 2-11.

## JURY INSTRUCTION NO. 8

(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sand, Modern Federal Jury Instructions, 2-12.

**JURY INSTRUCTION NO. 9**

(Jury to Consider Only this Defendant)

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of the defendant before you. You are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to the defendant before you, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.


Sand, <u>Modern Federal Jury Instructions</u>, 2-18 (modified).

## JURY INSTRUCTION NO. 10

### (Presumption of Innocence -- Burden of Proof)

Although the defendant has been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendant has pleaded not guilty to that indictment.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt.


Sand, Modern Federal Jury Instructions, 4-1.

## JURY INSTRUCTION NO. 11

### (Variance – Dates)

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that specific acts and offenses occurred on or between certain dates. The proof need not establish with any certainty the exact date of the specific acts or offenses. It is sufficient if the evidence in this case establishes that the offenses were committed on dates reasonably near the dates alleged in the indictment. The law only requires a substantial similarity between the dates alleged in the indictment and the dates established by testimony or exhibits.

Sand, Modern Federal Jury Instructions, 3-12 (modified); Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (modified).

## JURY INSTRUCTION NO. 12

### (Specific Investigative Techniques Not Required)

During the trial you may have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. For example, some seized items may not have been submitted for fingerprint analysis and chemical analysis may not have been done on every item seized. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. (For example, there is no requirement to attempt to take fingerprints, or that the government offer fingerprints in evidence.) Law enforcement *techniques* are not your concern. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

Sand, <u>Modern Federal Jury Instructions</u>, 4-4 (modified).

## <u>JURY INSTRUCTION NO. 13</u>

### (Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard, or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

Sand, <u>Modern Federal Jury Instructions</u>, 5-2.

(Testimony, Exhibits and Stipulations in General)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence and stipulations.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.


Sand, Modern Federal Jury Instructions, 5-4.

## JURY INSTRUCTION NO. 15

(Questions)

Let me emphasize that a lawyer's question is not evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

 An example of this is the following lawyer's question of a witness: "When did you stop cheating on your taxes?"  You would not be permitted to consider as true the assumed fact that the witness ever cheated on his taxes, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had cheated on his taxes.

In short, questions are not evidence; answers are.


Sand, Modern Federal Jury Instructions, 5-4 (modified).

## **JURY INSTRUCTION NO. 16**

### (Stipulation of Facts)

A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>, 5-6.

## JURY INSTRUCTION NO. 17

(Charts and Summaries Admitted as Evidence)

The government has presented exhibits in the form of charts and summaries which have been admitted as evidence. These charts and summaries were admitted in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Sand, Modern Federal Jury Instructions, 5-12 (modified).

## JURY INSTRUCTION NO. 18

(Improper Consideration of Defendant's Right Not to Testify)

The defendant did not testify in this case. Under our constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, 5-21.

## JURY INSTRUCTION NO. 19

### (Inference Defined (Presumptions))

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant.

Sand, Modern Federal Jury Instructions, 6-1.

## **JURY INSTRUCTION NO. 20**

### (Consciousness of Guilt From Flight)

You have heard evidence that the defendant fled after he believed that he was about to be arrested for the crime for which he is now on trial. If proved, the flight of a defendant after he knows he is to be accused of a crime may tend to prove that the defendant believed that he was guilty. It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt.

Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

Sand, Modern Federal Jury Instructions, 6-9 (modified); United States v. Obi, 239 F.3d 662, 665 (4th Cir. 2001).

## JURY INSTRUCTION NO. 21

### (Recently Stolen Property)

Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw an inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

You are not, however, required to draw this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference that the law permits the jury to draw from the possession of recently stolen property.

The term "recently" is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft, the more doubtful becomes the inference that may reasonably be drawn from unexplained possession.

In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that, in the exercise of his constitutional rights, the accused need not take the witness stand and testify in his own behalf.

Remember that the burden of proof is on the government to prove beyond a reasonable doubt that the defendant committed the crime charged.

Possession may be satisfactorily explained, of course, by looking to other circumstances or evidence, independent of any testimony of the accused.

Sand, Modern Federal Jury Instructions, 6-2.

# JURY INSTRUCTION NO. 22

### (Witness Credibility -- General Instruction)

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the indictment, in the face of the very different pictures painted by the government and the defense.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her

to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stands up in the light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  Throughout the trial you have heard witnesses testify to facts they failed to mention or omitted in prior statements.  You may consider such prior omissions as inconsistent statements when deciding the credibility of the witness.  In deciding what effect to give to such an omission you should consider whether the omitted fact is an important or unimportant detail and whether it is the type of matter

one would normally expect another to remember when asked about an event. You should also consider any explanation offered by the witness to explain the omission and consider the explanation the same as you would any other aspect of a witness' testimony. You should also consider whether the witness had a full and complete opportunity to explain everything on the earlier occasion. An omission from a statement, like any inconsistency in testimony, may result from an innocent failure of recollection or deliberate falsehood.

If you find that a witness has testified willfully and falsely with regard to any matter at trial, you may choose to reject any part or all of said witness' testimony.

After making your own judgment, you should give the testimony of each witness such credibility as you think it is fairly entitled to receive, if any.


Sand, <u>Modern Federal Jury Instructions</u>, 7-1 (modified).

## <u>JURY INSTRUCTION NO. 23</u>

(Interest in Outcome)

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Sand, <u>Modern Federal Jury Instructions</u>, 7-3.

**JURY INSTRUCTION NO. 24**

(Defendant's Interest if Defendant Testifies)

In a criminal case, a defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, defendant _____ decided to testify.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.


Sand, <u>Modern Federal Jury Instructions</u>, 7-4.

**JURY INSTRUCTION NO. 25**

(Impeachment by Felony Conviction)

You have heard the testimony of some witnesses who were previously convicted of crimes punishable by more than one year in jail. These prior convictions were placed into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

Sand, <u>Modern Federal Jury Instructions</u>, 7-12.

## JURY INSTRUCTION NO. 26

### (Impeachment by Prior Inconsistent Statement)

You have heard evidence that a witness made a statement on an earlier occasion which counsel may argue is inconsistent with the witness' trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.


Sand, <u>Modern Federal Jury Instructions</u>, 7-19 (modified).

## JURY INSTRUCTION NO. 27

### (Expert Witness)

You have heard testimony from certain persons who were qualified as expert witnesses. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Sand, Modern Federal Jury Instructions, 7-21.

(Law Enforcement Witness)

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily less deserving of more or less consideration or greater or lesser weight than an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.


Sand, <u>Modern Federal Jury Instructions</u>, 7-16.

## JURY INSTRUCTION NO. 29

### (Indictment is Not Evidence)

With theses preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the indictment.  I remind you that an indictment itself is not evidence. It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

Sand, <u>Modern Federal Jury Instructions</u>, 3-1.

## JURY INSTRUCTION NO. 30

### (Multiple Counts – Single Defendant)

The indictment contains a total of six counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged, unless otherwise instructed.

Sand, <u>Modern Federal Jury Instructions</u>, 3-6 (modified).

## JURY INSTRUCTION NO. 31

(Introduction to the Charges)

We will next consider the crimes with which the defendant is charged in the indictment. The alleged crimes are charged in what is called counts.

I will now discuss with you the rules of law which govern whether the crimes charged have been proven.

# JURY INSTRUCTION NO. 32

(Count One - Conspiracy to Commit Carjacking)

Count One of the Indictment charges the defendant, John Franklin, with conspiracy to commit carjacking, under section 371 of Title 18 of the United States Code. Count One of the Indictment reads as follows:

The Grand Jury for the District of Maryland charges that:

In or about August 2010, in the District of Maryland,

**JOHN FRANKLIN,**
**DWAYNE FRAZIER, and**
**TROY WILLIAMS,**

the defendants herein, together with others known and unknown to the Grand Jury, did knowingly, willfully, and unlawfully combine, conspire, confederate and agree to take from the person and presence of another, by force, violence and intimidation, and with intent to cause death and serious bodily harm, a motor vehicle that had been transported, shipped and received in interstate commerce, in violation 18 U.S.C. § 2119, which offense is commonly referred to as carjacking.

## OVERT ACTS

During the course of and in furtherance of the conspiracy, and to effect the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere:

1.      On or about August 14, 2010, one or more conspirators possessed a firearm in preparing to commit carjackings.

36

2.       On or about August 14, 2010, one or more conspirators took a 1996 green Buick LeSabre motor vehicle from the person and presence of another in the vicinity of the 400 block of N. Madeira Street in Baltimore, Maryland.

3.       On or about August 14, 2010, one or more conspirators took a 2006 red Dodge Charger from the person and in the presence of another in the vicinity of the 4000 block of E. Lombard Street in Baltimore, Maryland.

18 U.S.C. § 371

The relevant statute on this subject is section 371 of Title 18 of the United States Code. Section 371 provides in part that:

> If two or more persons conspire. . .to commit any offense against the United States. . ., and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

Sand, <u>Modern Federal Jury Instructions</u>, 19-1 (modified).

(Purpose of the Statute)

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws.  A conspiracy is a kind of criminal partnership - - a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even thought the substantive crime which was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Sand, Modern Federal Jury Instructions, 19-2 (modified).

# JURY INSTRUCTION NO. 34

(Count One - Elements of the Offense)

In order to satisfy its burden of proof as to Count One, the government must establish each of the following elements beyond a reasonable doubt:

To prove conspiracy to commit carjacking the government must establish each of the following elements beyond a reasonable doubt:

First, that an unlawful agreement or conspiracy to commit carjacking existed;

Second, that the defendant knowingly, willfully and voluntarily became a member of that conspiracy;

Third, that at least one of the conspirators committed an act in furtherance of the conspiracy in the state of Maryland; and

Fourth, that the crime of carjacking was a crime which may be prosecuted in a court of the United States.


Sand, Modern Federal Jury Instructions, 19-3 (modified).

# JURY INSTRUCTION NO. 35

### (First Element - Existence of Agreement)

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the Indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it is sufficient for the government to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of the person charged and his co-conspirators to act together for the accomplishment of an unlawful purpose.

Sand, Modern Federal Jury Instructions, 19-4 (modified).

(Second Element - Membership in the Conspiracy)

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that each defendant knowingly, willfully, and voluntarily became a participant in, or member of, the conspiracy.

If you are satisfied that the conspiracy charged in Count One of the Indictment existed, you must next ask yourselves who were the members of that conspiracy. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether, based upon all of the evidence, it appears that the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that a defendant had such an interest, that is a factor which you may properly consider in determining whether or not a defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

41

It is important for you to note that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, a defendant need not have been fully informed as to all of the details, or the scope of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of his guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.  Further, a defendant's membership in a conspiracy is presumed to continue until he takes affirmative action to withdraw from the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together

and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make that defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement - that is to say, a conspirator.

Sand, <u>Modern Federal Jury Instructions</u>, 19-6 (modified).

## JURY INSTRUCTION NO. 37

(Third Element - Commission of Act in Furtherance of the Conspiracy)

With respect to Count One, the third element which the government must prove beyond a reasonable doubt, is that one of the conspirators committed an act in furtherance of the conspiracy in Maryland.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one act was knowingly and willfully done in Maryland, by at least one conspirator, in furtherance of some object or purpose of the conspiracy. In this regard, you should bear in mind that the act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the act does not have to be an act which, in and of itself, is criminal or constituted an objective of the conspiracy. Only one member of the conspiracy need commit the overt act for the crime of conspiracy to be complete.

You may consider which the government contends it has established through the evidence presented at trial in determining whether an act was in fact committed in furtherance of the conspiracy as charged in Count One.

Sand, Modern Federal Jury Instructions, 19-8 (modified); United States v. Godwin, 272 F.3d 659, 669 (4th Cir. 2001).

<u>**JURY INSTRUCTION NO. 38**</u>

(Fourth Element - Carjacking is a Crime Which may be Prosecuted in Federal Court)

Count One contains an additional element which the government is required to prove

beyond a reasonable doubt.  That elements relates to whether the crime of carjacking is a crime

which may be prosecuted in a court of the United States.  I instruct you that, as a matter of law,

such a crime may be prosecuted in a court of the United States.


18 U.S.C. § 2119

(Acts and Declarations of Co-Conspirators)

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against a defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the defendant was a member of a criminal conspiracy (that is, an agreement between two or more people to commit a crime), then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his know-ledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made

during the existence and in furtherance of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

Sand, <u>Modern Federal Jury Instructions</u>, 19-9 (modified).

## JURY INSTRUCTION NO. 40

(Conspirator's Liability for Substantive Crimes
Committed by Co-Conspirators - <u>Pinkerton</u> Charge)

There is another method by which you may evaluate the possible guilt of the defendant for the substantive crimes charged in Counts Two through Six of the Indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of those substantive crimes. This method of proof is known as co-conspirator liability.

A conspirator is a person who, knowingly and intentionally agrees with one or more person to accomplish an unlawful purpose. A conspirator is responsible– that is, liable– for offenses committed by his fellow conspirators, if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Accordingly, if, in light of my instructions, you find beyond a reasonable doubt that a defendant was a member of a conspiracy, then you may also, but are not required to, find him guilty of the substantive crimes charged against him in the indictment, provided you find beyond a reasonable doubt each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonable foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find a defendant guilty of the substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crime.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find a defendant guilty of the substantive crime unless the government proves beyond a reasonable doubt that the defendant personally committed or aided and abetted the commission of the substantive crime charged.

Sand, Modern Federal Jury Instructions, 19-13 (modified); United States v. Pinkerton, 328 U.S. 640 (1946).

## JURY INSTRUCTION NO. 41

(Aiding and Abetting)

The Indictment also charges the defendant with "aiding and abetting" the commission of the substantive crimes charged in Counts Two through Six. Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime, the government must establish that the defendant intended that the carjacking and possession and brandishing of a firearm took place.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

Sand, <u>Modern Federal Jury Instructions</u>, 11-2 (modified); 18 U.S.C. § 2

## JURY INSTRUCTION NO. 42

(Counts Two and Four - Carjacking)

Counts Two and Four of the Indictment charge the defendant, John Franklin, with carjacking by force, violence and intimidation, under section 2119 of Title 18 of the United States Code. Count Two of the Indictment reads as follows:

The Grand Jury for the District of Maryland further charges that:

On or about August 14, 2010, in the District of Maryland, the defendants,

**JOHN FRANKLIN,
DWAYNE FRAZIER, and
TROY WILLIAMS,**

by force, violence and intimidation, and with the intent to cause serious bodily harm, did take from the person and in the presence of another a motor vehicle that had been transported, shipped and received in interstate and foreign commerce, namely a 1996 Buick LeSabre bearing Maryland temporary license number 00119M.


18 U.S.C. § 2119(1)
18 U.S.C. § 2

Count Four of the Indictment reads as follows:

The Grand Jury for the District of Maryland further charges that:

On or about August 14, 2010, in the District of Maryland, the defendants,

**JOHN FRANKLIN,
DWAYNE FRAZIER, and
TROY WILLIAMS,**

by force, violence and intimidation, and with the intent to cause serious bodily

harm, did take from the person and in the presence of another a motor vehicle that

had been transported, shipped and received in interstate and foreign commerce,

namely a 2006 Dodge Charger bearing Maryland license number A164796.


18 U.S.C. § 2119(1)
18 U.S.C. § 2

The indictment charges the defendant with violating section 2119 of Title 18 of the United States

Code. Section 2119 provides in part that:

> Whoever, with the intent to cause death or serious bodily harm takes a motor
> vehicle that has been transported, shipped, or received in interstate or foreign
> commerce from the person or presence of another by force and violence or by
> intimidation [is guilty of a crime against the United States].


Sand, Modern Federal Jury Instructions, 53A-1 (modified).

## JURY INSTRUCTION NO. 43

(Counts Two and Four - Elements of the Offense)

In order to prove that the defendant guilty of carjacking, the government must establish beyond a reasonable doubt each of the following elements of the offense.

First, that defendant took a motor vehicle from the person or presence of another;

Second, that the defendant took the vehicle by using force and violence or by acting in an intimidating manner;

Third, that the defendant acted with intent to cause death or serious bodily harm; and

Fourth, that the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

Sand, Modern Federal Jury Instructions, 53A-2.

**JURY INSTRUCTION NO. 44**

(First Element - Taking of a Motor Vehicle From the Person or Presence of Another)

The first element the government must establish beyond a reasonable doubt is that defendant took a motor vehicle from the person or presence of another.

To take a motor vehicle means to acquire possession or control of the vehicle for a period of time. The government does not have to prove that the defendant intended to permanently deprive the owner of possession of the vehicle. Also, the government does not have to prove that the victims were forced to leave the vehicle as long as it proves that the defendant had control of the situation.

To prove that the defendant took the vehicle from the person or presence of another, the government must prove that the victims were sufficiently within reach, inspection or observation of the vehicle that they could have retained his or her possession of it if not overcome by violence or prevented by fear.

Sand, Modern Federal Jury Instructions, 53A-3 (modified).

<u>**JURY INSTRUCTION NO. 45**</u>

(Inference From Possession of Recently Stolen Vehicle)

You have heard testimony and received evidence that the defendant was in possession of vehicle(s) recently taken from the victims.  If the government proves beyond a reasonable doubt that the vehicle in question had recently been taken by force and violence or intimidation and that the defendant was in possession of that recently taken vehicle, then you may, although you need not, find that the defendant participated in the taking of the vehicle in some way. You may not, however, make this finding if you find that the defendant's possession of the vehicle is satisfactorily explained by facts and circumstances which indicate that he did not take this property.

The term "recently" is a relative term and has no fixed meaning. Whether the vehicle may be considered recently taken depends upon all of the facts and circumstances shown in the evidence of the case. The longer the period of time since the theft, the more doubtful the connection between the defendant's possession of the vehicle and the theft. For instance, if the defendant was in possession of a vehicle that had been stolen five months earlier, it would be more difficult to conclude that the defendant stole that vehicle than if the defendant was in possession of a vehicle that had been stolen an hour prior to the defendant's possession.

Let me emphasize again that you are not required to make the connection between the defendant's unexplained possession of a recently taken vehicle and participation in the theft. The mere fact that I am telling you about this connection does not mean that I am encouraging you to make it. You have the right to reject this connection if you deem it appropriate to do so, even if you find that the defendant was in possession of the vehicle in question and has not offered any

satisfactory explanation for this possession. Remember that, at all times, the government has the burden of proving beyond a reasonable doubt that the defendant participated in the taking of the vehicle, and that the defendant is not required to offer any explanation at all.

Sand, <u>Modern Federal Jury Instructions</u>, 53A-4.

<u>**JURY INSTRUCTION NO. 46**</u>

(Second Element - Use of Force and Violence or Intimidation)

The second element the government must prove beyond a reasonable doubt is that the defendant took the vehicle from the victims by using force and violence or by acting in an intimidating manner.

The government can meet its burden on this element either by proving that the defendant used force and violence or that the defendant acted in an intimidating manner. The government does not have to prove that the defendant used force and violence if it proves that the defendant acted in an intimidating manner.

The phrase "intimidating manner" means that the defendant did or said something that would make an ordinary reasonable person fear bodily harm. Your focus should be on the defendant's behavior. The government does not have to prove that the defendant's behavior caused or could have caused great terror or panic, but it must show that an ordinary person would have feared bodily harm because of defendant's behavior. The government also does not have to prove that the defendant made explicit threats of bodily harm. If you find that the defendant confronted the victims in such a way that it would reasonably create a fear of bodily harm, that is sufficient.

Evidence that an unusually timid victim was actually intimidated by the defendant's conduct is not, by itself, proof that the defendant engaged in intimidating conduct, although you may take evidence that the victims were actually placed in fear of bodily harm as evidence of how a reasonable person would have reacted. The government must prove, beyond a reasonable

doubt, that an ordinary person not just the unusually timid victim-would have experienced fear of bodily harm because of what the defendant did or said.

Sand, <u>Modern Federal Jury Instructions</u>, 53A-5 (modified).

# JURY INSTRUCTION NO. 47

(Third Element - Intent To Cause Death or Serious Bodily Injury)

The third element the government must prove beyond a reasonable doubt is that the defendant acted with intent to cause death or serious bodily harm.

To establish this element, the government must prove that at the moment the defendant demanded or took control over the vehicles, the defendant possessed the intent to seriously harm or kill the victims if necessary to steal the cars or for any other reason.

Evidence that the defendant intended to frighten the victims is not sufficient by itself to prove an intent to harm or kill. It is, however, one of the facts you may consider in determining whether the government has met its burden.

A defendant may intend to engage in certain conduct only if a certain event occurs. In this case, the government contends that the defendant intended to cause death or serious bodily harm if the victims had refused to turn over their respective cars.  If you find beyond a reasonable doubt that the defendant had such an intent, the government has satisfied this element of the offense.

Sand, Modern Federal Jury Instructions, 53A-6 (modified).

## JURY INSTRUCTION NO. 48

(Fourth Element - Motor Vehicle Had Traveled in Interstate Commerce)

The fourth element the government must prove beyond a reasonable doubt is that the motor vehicles had previously been transported, shipped, or received in interstate or foreign commerce.

This requires the government to prove that at some time in the past the vehicles had been shipped, driven or transported between one state and another (or the District of Columbia) or between the United States and a foreign country.

It is not necessary that the government prove that the defendant had any involvement in the interstate shipping, driving or transportation, or that the defendant knew that the vehicles had previously been shipped, driven or transported in interstate commerce.

Sand, Modern Federal Jury Instructions, 53A-7 (modified).

(Counts Three and Five - Possession of a Firearm in Furtherance of a Crime of Violence)

Counts Three and Five charge that on or about August 14, 2010, in the District of Maryland, the defendant did knowingly possess and brandish a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, carjacking, in violation of 18 U.S.C. § 2119, as charged in Counts Two and Four. Count Three of the Indictment reads as follows:

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

On or about August 14, 2010, in the District of Maryland, the defendants,

**JOHN FRANKLIN,**
**DWAYNE FRAZIER, and**
**TROY WILLIAMS,**

did knowingly possess and brandish a firearm in furtherance of a crime of

violence for which they may be prosecuted in a court of the United States, to wit,

carjacking, in violation of 18 U.S.C. § 2119, as charged in Count Two of this

Indictment.


18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

Count Five of the Indictment reads as follows:

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

On or about August 14, 2010, in the District of Maryland, the defendants,

**JOHN FRANKLIN,**
**DWAYNE FRAZIER, and**
**TROY WILLIAMS,**

did knowingly possess and brandish a firearm in furtherance of a crime of

violence for which they may be prosecuted in a court of the United States, to wit,

carjacking, in violation of 18 U.S.C. § 2119, as charged in Count Four of this

Indictment.

18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

The relevant statute on this subject is Title 18, United States Code section 924(c), which

provides:

> [A]ny person who, in furtherance of [a crime of violence], possesses [or
> brandishes] a firearm, shall [be guilty of an offense against the United States].

Sand, <u>Modern Federal Jury Instructions</u>, 35-76 (modified).

## JURY INSTRUCTION NO. 50

(Counts Three and Five - Elements of the Offense)

In order to satisfy its burden of proof as to Counts Three and Five, the government must establish each of the following elements beyond a reasonable doubt:

First: that the defendant committed a crime of violence as charged in the indictment, which is a crime for which he might be prosecuted in a court of the United States; and

Second: that the defendant knowingly possessed or brandished a firearm in furtherance of the charged crime of violence.


Sand, <u>Modern Federal Jury Instructions</u>, 35-78.

## JURY INSTRUCTION NO. 51

(First Element - Commission of the Predicate Crime)

The first element the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States.

A crime of violence under this section includes the offense of carjacking. I have already instructed you that  the offense of carjacking is a  crime of violence.

If during your deliberations, you determine that the government has failed to prove beyond a reasonable doubt that the defendant is guilty as to the crime of violence (carjacking) as charged in Count Two, then you will proceed no further with Count Three.  Likewise, if during your deliberations, you determine that the government has failed to prove beyond a reasonable doubt that the defendant is guilty as to the crime of violence (carjacking) as charged in Count Four, then you will proceed no further with Count Five.

In reaching your verdict, you are to consider evidence of the crime of violence only for the purpose of determining whether this first element has been satisfied.

Sand, <u>Modern Federal Jury Instructions</u>, 35-77 (modified); 35-79 (modified).

# JURY INSTRUCTION NO. 52

(Second Element - Possession of a Firearm in Furtherance of a Crime of Violence)

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm in furtherance of the commission of a crime of violence.

To prove that the defendant possessed the firearm in furtherance of the crime of violence, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. Possession also means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward , advance or promote the commission of this crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

For  this element, you must also find that the defendant possessed the firearm knowingly. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that he knew that the weapon was a firearm, as we commonly use the word.  However, the government is not required to prove that the defendant knew that he was breaking the law.

I remind you that in this case, you may find the defendant guilty of possessing or brandishing a firearm if you find, beyond a reasonable doubt, either: (1) that the defendant was a member of a conspiracy, and the crimes of possessing or brandishing a firearm were committed

66

by others in furtherance of that conspiracy; or (2) that the defendant aided or abetted the

possession or brandishing of a firearm.


Sand, Modern Federal Jury Instructions, 35-80); 18 U.S.C. § 924(c)(4) (modified to include underlined passage).

# JURY INSTRUCTION NO. 53

## (Count Six - Felon in Possession of Firearm)

Count Six of the Indictment charges defendant with possessing a weapon that had

traveled in interstate commerce, after having been convicted of a felony.  The Indictment reads as

follows:

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

On or about August 14, 2010, in the District of Maryland, the defendants,

**JOHN FRANKLIN,**
**DWAYNE FRAZIER, and**
**TROY WILLIAMS,**

having been convicted of a crime punishable by imprisonment for a term

exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a

.357 caliber Taurus Magnum six shot revolver, serial # 01326507, in and affecting

commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

The relevant statute on this subject is Title 18, United States Code section 922(g), which

provides:

> It shall be unlawful for any person who has been convicted in any court of a crime
> punishable by imprisonment for a term exceeding one year ... to ship or transport
> in interstate or foreign commerce, or possess in or affecting commerce, any
> firearm or ammunition; or to receive any firearm or ammunition which has been
> shipped or transported in interstate or foreign commerce.

Sand, Modern Federal Jury Instructions, 35-45 (modified).

# JURY INSTRUCTION NO. 54

(Purpose of the Statute)

Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States, and that federal control would be helpful to state and local authorities in meeting this problem. Accordingly, it passed a series of laws designed at giving support to federal, state and local law enforcement officials in combating crime and violence.

In your role as jurors, you are not to be concerned with the wisdom or the policy of those laws. If in fact a violation has occurred, the law should be enforced.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms which were shipped in interstate commerce.

The government contends that the defendant, John Franklin, was within the class of people prohibited from possessing firearms shipped in interstate commerce because he had been convicted of a crime punishable by more than a year in jail.

Sand, <u>Modern Federal Jury Instruction</u>, 35-46 (modified).

## <u>JURY INSTRUCTION NO. 55</u>

(Elements of the Offense)

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty of Count Six:

First,         that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, as charged, and that the state has not restored the defendant's civil rights following that conviction;

Second,         that the defendant knowingly possessed a firearm as listed in Count One;

Third,         that the possession charged was in or affecting interstate or foreign commerce.

Sand, <u>Modern Federal Jury Instruction</u>, 35-47.

(First Element - Defendant's Prior Conviction)

The first element the government must prove beyond a reasonable doubt before you can convict is that before the date the defendant was charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and that the state has not restored the defendant's civil rights following that conviction.

The government contends that the defendant was convicted of Assault-2nd Degree in Maryland state court. I charge you that as a matter of law, a conviction of Assault-2nd Degree in Maryland state court is a crime punishable by imprisonment for a term exceeding one year. However, it is for you to determine beyond a reasonable doubt if the defendant is convicted of this crime.

To satisfy this first element, you need only find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime and that the conviction was prior to the possession of the weapon as charged in the Indictment. It is not necessary that the government prove that the defendant knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it is more likely than not that the defendant was in knowing possession of the firearm that is charged, which is the disputed element of the offense.

Sand, Modern Federal Jury Instruction, 35-48 (modified).

## JURY INSTRUCTION NO. 57

(Second Element - Defendant Possessed a "Firearm")

The second element which the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment, the defendant knowingly possessed the firearm described in Count Six.

A "firearm" is any weapon which will or is designed to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon.

To "possess" means to have something within a person's control. This does not necessarily mean that he defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over them, even though it was not in his physical possession, you may find that the government has proven possession. Facts such as whether the premises in which the firearm was found was occupied by the defendant or the proximity of the firearm to the defendant can be considered, among other factors.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Proof of ownership or proof of registration of the firearm is not required.

To satisfy this element, you must also find that the defendant knowingly possessed the firearm. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use that word. However, the government is not required to prove that the defendant knew that he was breaking the law, nor is the government required to prove that he knew he was a convicted felon or that he knew the gun traveled in interstate commerce.

I remind you that in this case, you may find the defendant guilty of possessing a firearm if you find, beyond a reasonable doubt, either: (1) that the defendant was a member of a conspiracy, and the crime of possessing a firearm was committed by others in furtherance of that conspiracy; or (2) that the defendant aided or abetted the possession of a firearm.

Sand, Modern Federal Jury Instruction, 35-49 (modified, including the underlined passage).); 18 U.S.C. § 921; See United States v. Armstrong, 187 F.3d 392, 396 (4th Cir. 1999); United States v. Langley, 62 F.3d 602, 604-05 (4th Cir. 1995); United States v. Pearce, 65 F.3d 22, 25-26 (4th Cir. 1995); United States v. Jackson, 124 F.3d 607, 610-11 (4th Cir. 1997).

## <u>JURY INSTRUCTION NO. 58</u>

(Third Element - In or Affecting Commerce)

The third element that the government must prove beyond a reasonable doubt is that the firearm a defendant is charged with possessing is in or affecting interstate commerce.

This means that the government must prove that at some time prior to the defendant's possession, the firearm had traveled in interstate or foreign commerce.  It is sufficient for the government to satisfy this element by proving that any time prior to the date charged in the indictment, the firearm crossed a state line (or the United States border).  It is not necessary that the government prove that the defendant himself carried it across a state line, nor must the government prove who carried it across or how it was transported.  It is also not necessary for the government to prove that the defendant knew that the firearm had previously traveled in interstate or foreign commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state or country than Maryland, the state where the defendant is charged with possessing the firearm.  You are permitted to infer from this fact that the firearm traveled in interstate or foreign commerce; however, you are not required to do so.

Sand, <u>Modern Federal Jury Instruction</u>, 35-50 (modified).

## JURY INSTRUCTION NO. 59

(Punishment)

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not a defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he or she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.


Sand, Modern Federal Jury Instructions, 9-1.

**JURY INSTRUCTION NO. 60**

(Selection of the Foreperson)

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations.

Sand, <u>Modern Federal Jury Instruction</u>, No. 9-5.

## JURY INSTRUCTION NO. 61

### (Duty To Consult and Need for Unanimity)

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

Sand, Modern Federal Jury Instructions, 9-7.

## JURY INSTRUCTION NO. 62

### (Communication with the Court)

If it becomes necessary during deliberations to communicate with the court, you may send a note by a Marshal, signed by your foreperson, or by one or more members of the jury. No member of the jury should communicate with the court by any means other than a signed writing, and the court will not communicate with any member of the jury on any subject touching on the merits of the case, other than in writing, or orally here in open court.

You will note from the oath about to be taken by the Marshal that he, too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you may not reveal to any person -- not even to the court -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused persons, until after you have reached a unanimous verdict.

Sand, Modern Federal Jury Instructions, 9-3 (modified).

## JURY INSTRUCTION NO. 63

(Verdict Form)

As I mentioned, a detailed verdict form has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and then date and sign the form.

After you have completed the verdict form, please advise the court, by sending a note through the Marshal, that you have reached a verdict.  When I receive that note, I shall have you return with your verdict to the courtroom.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___9th___ day of January, 2012, a copy of the foregoing United

States's Requested Jury Instructions were served via ECF to counsel for the defendant:

Charles N. Curlett, Jr., Esquire
250 W. Pratt Street, Suite 1300
Baltimore, Maryland 21201

_____
/s/
John W. Sippel, Jr.
Assistant United States Attorney