**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | * | Criminal No. MJG-11-0095 |
| JOHN FRANKLIN, | * | |
| Defendant. | * | |

_____

### JOHN FRANKLIN'S OBJECTIONS TO THE GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS, AND JOHN FRANKLIN'S PROPOSED VOIR DIRE

John Franklin, by and through undersigned counsel, respectfully objects to the Government's proposed voir dire as set forth below, and requests that the following questioning of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

### OBJECTIONS

**Government's proposed voir dire question 8:** "This case was primarily investigated by the Bureau of Alcohol, Tobacco, Firearms and Explosives, commonly known as ATF, and the Baltimore City Police Department. . ."

**John Franklin's Objection:** This case was investigated by the Baltimore Police Department. The ATF was not involved until many months after this case had been a state case. Suggesting that the ATF was a primary investigator unfairly bolsters the credibility of any investigation. John Franklin respectfully requests the Court rephrase this question to simply inquire as to whether prospective jurors have had dealings with these agencies, as set forth in 8a. and 8b.

**Government's proposed voir dire questions 18 (a) and (b):** "At the close of this case, the Court will instruct you on the law that you must apply to the facts of this case.  (a)  Is there anyone who would be unwilling or unable or would even hesitate to follow the Court's instructions on the law, <u>even if you personally did not agree with the law as it is described by the Court?</u>  (b)  If you had an opinion on what the law should be, and your opinion was different from the Court's instructions on what the law is, would you refuse or even hesitate to follow the Court's instructions?"

**John Franklin's Objection:** John Franklin objects to the words "must" and "or would

even hesitate."  John Franklin recognizes that an instruction to follow the law is

appropriate.  The objectionable language, however, goes further, suggesting that the

jurors are not in fact at liberty to exercise free will.  While the panel need not be

expressly instructed on the residual and unreviewable power reposed in the jury by the

founding fathers, striking the objectionable language would eliminate the distortion of

their charge.

### JOHN FRANKLIN'S PROPOSED VOIR DIRE

1) As you sit here, do you think the accused is guilty, not innocent, or do you need more information?

2) Can you keep an open mind until instructed to deliberate?

3) Do any of you know anyone involved in the field of criminal defense?

4) Have you, any member of your family, or any of your close friends ever been employed by any law enforcement agency, local, state or federal, including, but not limited to, any form of prosecutorial agency?

   a) If so, if you determined that – in  this case – the prosecution failed to meet their burden of proving each element of each count beyond a reasonable doubt, would you be uncomfortable telling that person, or persons, that you returned a verdict of Not Guilty in this matter?

5) This is a two-part question – do you believe that the layout of a courtroom can affect your perception of the accused's culpability?

   a) Here is an example:
      i) the Prosecutors are very close to you.

      ii) They call themselves "the United States of America."
      iii) The court reporter is also close to you recording what is said.
      iv) The Judge is elevated, in between counsel, making sure everything runs appropriately.
      v) Further away is defense counsel.
      vi) Further away, as far away from you as possible, sits the accused.
      vii) And the accused is placed next to the bailiff – who has a badge and a gun.

   b) Here are the two questions:
      i) Do you see how that might affect someone's perception of guilt or innocence?

      ii) Now that you see that, would you be so affected?

6) The defense has no burden of proof at all in this case. They won't do this, but they could sit here, read magazines, and not say a word. If that happens, and you still have some doubts after the prosecutor's case that you know they could clear up, could you still return a verdict of not guilty?

7) The defendant is not required to testify. Let's say the Prosecution puts on an impressive case, but you still have some doubts – doubts that you know would easily be clarified if the defendant testified. But he does not. Would you still be able to return a verdict of not guilty?

8) You must determine whether the Government has met it's burden to prove each element of each offense beyond a reasonable doubt. Assume you think they've proven 4 out of 5 elements on one charge, but you have reasonable doubt as to the remaining element. You go in the back to deliberate. You keep an open mind. You talk. But you still have that small but reasonable doubt on that element. No one else does. Would you be able to return a verdict of not guilty?

                Respectfully submitted,

                _____/s/_____
                Charles N. Curlett, Jr. (Bar No. 28246)
                LEVIN & CURLETT LLC
                250 W. Pratt Street, Suite 1300
                Baltimore, Maryland 21201
                Tel: 410-545-5872
                Fax: 410-685-2222
                ccurlett@levincurlett.com

CERTIFICATE OF SERVICE

       I hereby certify that on this 17th day of January, 2012, a copy of the foregoing John Franklin's Objections To The Government's Proposed Voir Dire Questions, and John Franklin's Proposed Voir Dire were served via ECF to the United States Attorney's Office, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.


                                   _____/s/_____
                                   Charles N. Curlett, Jr.