IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. MJG-11-0095 |
| **JOHN FRANKLIN,** | * | |
| **Defendant.** | * | |

...oOo...

**DEFENDANT JOHN'S FRANKLIN'S OBJECTIONS TO
THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The Defendant John Franklin, by his undersigned counsel, hereby objects to the Government's Proposed Jury Instructions as follows (The Government's proposed instruction is provided, followed by Mr. Franklin's objection):

**JURY INSTRUCTION NO. 12**

**(Specific Investigative Techniques Not Required)**

During the trial you may have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. For example, some seized items may not have been submitted for fingerprint analysis and chemical analysis may not have been done on every item seized. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. (For example, there is no requirement to attempt to take fingerprints, or that the government offer fingerprints in evidence.) Law enforcement *techniques* are not your concern. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

1

*Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.*

Sand, Modern Federal Jury Instructions, 4-4 (modified).


**OBJECTION:** Mr. Franklin objects to the proposed second paragraph, italicized above. That paragraph is not part of the standard instructions. No basis or support in the law is provided for the modification. The modification unfairly eases the government's burden of proof. Mr. Franklin respectfully requests the second paragraph be stricken.


## JURY INSTRUCTION NO. 15

(Questions)

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question. An example of this is the following lawyer's question of a witness: "When did you stop cheating on your taxes?" You would not be permitted to consider as true the assumed fact that the witness ever cheated on his taxes, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had cheated on his taxes.

In short, questions are not evidence; answers are.

Sand, Modern Federal Jury Instructions, 5-4 (modified).

**OBJECTION:** This instruction, as modified, is an extreme departure from the standard instruction. No basis or support in the law for this departure is cited or justified. Mr. Franklin respectfully requests the standard jury instruction of 5-4.

### JURY INSTRUCTION NO. 17

(Charts and Summaries Admitted as Evidence)

The government has presented exhibits in the form of charts and summaries which have been admitted as evidence. These charts and summaries were admitted in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Sand, Modern Federal Jury Instructions, 5-12 (modified).

**OBJECTION:** The Government has omitted the second paragraph of instruction 5-13, which the Fourth Circuit has endorsed as part of instruction 5-12. *See United States v. Johnson*, 54 F.3d 1150, 1160 (4th Cir. 1995). The second paragraph should read:

*It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find they are of assistance to you in analyzing the evidence and understanding the evidence.*

### JURY INSTRUCTION NO. 20

### (Consciousness of Guilt From Flight)

You have heard evidence that the defendant fled after he believed that he was about to be arrested for the crime for which he is now on trial. If proved, the flight of a defendant after he knows he is to be accused of a crime may tend to prove that the defendant believed that he was guilty. It may be weighed by you in this connection, together with all the other evidence. However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt. Flight does not create a presumption of guilt. Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

Sand, Modern Federal Jury Instructions, 6-9 (modified); United States v. Obi, 239 F.3d 662, 665 (4th Cir. 2001).

**OBJECTION:** Mr. Franklin objects to this charge because it will "give undue weight to a particular piece of evidence" – assuming such evidence is in fact adduced – which may adequately be dealt with by argument. Committee Comment to Seventh Pattern Jury Instructions. 3.20. Should this Court nevertheless agree to give this instruction – assuming the evidence would so warrant – Mr. Franklin requests the following cautionary language:

*I emphasize, however, that evidence of flight does not create a presumption of guilt. Hickory v. United States*, 160 U.S. 408 (1896).

**JURY INSTRUCTION NO. 22**

(Witness Credibility -- General Instruction)

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. It must be clear to you by now that you are being called upon to resolve various factual issues under the indictment, in the face of the very different pictures painted by the government and the defense.

~~You will now have to decide where the truth lies, and an important part of that decision~~ <ins>Deciding these issues</ins> will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any

other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stands up in the light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. ~~In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.~~

~~Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. Throughout the trial you have heard witnesses testify to facts they failed to mention or omitted in prior statements. You may consider such prior omissions as inconsistent statements when deciding the credibility of the witness. In deciding what effect to give to such an omission you should consider whether the omitted fact is an important or unimportant detail and whether it is the type of matter  one would normally expect another to remember when asked about an event. You should also consider any explanation offered by the witness to explain the omission and consider the explanation the same as you would any other aspect of a witness' testimony. You should also consider whether the witness had a full and complete opportunity to explain everything on the earlier occasion. An omission from a statement, like any inconsistency in testimony, may result from an innocent failure of recollection or deliberate falsehood.~~

If you find that a witness has testified willfully and falsely with regard to any matter at trial, you may choose to reject any part or all of said witness' testimony. After making your own judgment, you should give the testimony of each witness such credibility as you think it is fairly entitled to receive, if any.

Sand, <u>Modern Federal Jury Instructions</u>, 7-1 (modified).


**OBJECTIONS:**  Mr. Franklin objects to the language stricken above in the first paragraph (″You will now have to decide where the truth lies, and an important part of that decision. . .″) and requests that it be replaced with the language from the standard jury instruction ("Deciding these issues. . .").

In addition, Mr. Franklin requests the insertion of the language "How did the witness appear?" as indicated above and consistent with the standard jury instructions.

Finally, Mr. Franklin objects to the final paragraphs stricken above. They are not part of the standard jury instructions. They are argument. No basis or support in the law is provided for the modification. The modification unfairly eases the government's burden of proof.

## JURY INSTRUCTION NO. 33

(Purpose of the Statute)

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership - - a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even thought the substantive crime which was the object of the conspiracy was not actually committed.

~~Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.~~

Sand, Modern Federal Jury Instructions, 19-2 (modified).

**OBJECTION:** Mr. Franklin objects to the language stricken above concerning the intent of Congress. This charge goes well beyond the law to be applied, is unfairly biased in favor of the prosecution, and is appropriate to omit. *See e.g.*, Comment to 35-2.

# JURY INSTRUCTION NO. 34

(Count One - Elements of the Offense)

In order to satisfy its burden of proof as to Count One, the government must establish each of the following elements beyond a reasonable doubt:

To prove conspiracy to commit carjacking the government must establish each of the following elements beyond a reasonable doubt:

First, that an unlawful agreement or conspiracy to commit carjacking existed;

Second, that the defendant knowingly, willfully and voluntarily became a member of that conspiracy;

Third, that at least one of the conspirators <ins>knowingly</ins> committed <ins>at least one of the overt acts as charged in the indictment</ins><del>an act in furtherance of the conspiracy in the state of Maryland</del>; and

Fourth, that the <ins>overt acts which you find to have been committed were committed to further some objective of the conspiracy.</ins> <del>crime of carjacking was a crime which may be prosecuted in a court of the United States</del>.

Sand, Modern Federal Jury Instructions, 19-3 (modified).

**OBJECTION:** While obviously a typographical error, only one introductory clause is necessary. Mr. Franklin also objects to the proposed modifications as indicated above and requests the standard jury charge. No basis or support in the law for the modification proposed by the government is cited or justified.

# JURY INSTRUCTION NO. 35

(First Element - Existence of Agreement)

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the Indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.

Similarly, you need not find that the alleged conspirators stated, in words or writing, what the Scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. ~~Indeed, it is sufficient for the government to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.~~  What the government must prove is that there was a mutual understanding spoken or unspoken between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of the person charged and his co-conspirators to act together for the accomplishment of an unlawful purpose.

Sand, Modern Federal Jury Instructions, 19-4 (modified).


**OBJECTION:**  Mr. Franklin objects to the proposed modifications as indicated above and requests the standard jury charge.  No basis or support in the law for the modification proposed by the government is cited or justified.


**JURY INSTRUCTION NO. 36**

(Second Element - Membership in the Conspiracy)

. . . The extent of a defendant's participation has no bearing on the issue of his guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each

member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. ~~In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy. Further, a defendant's membership in a conspiracy is presumed to continue until he takes affirmative action to withdraw from the conspiracy.~~

Sand, Modern Federal Jury Instructions, 19-6 (modified).


**OBJECTION:**  Mr. Franklin objects to the government's insertion of the sentence stricken above into the standard jury charge.  No basis or support in the law for the modification proposed by the government is cited or justified.


### JURY INSTRUCTION NO. 37

(Third Element - Commission of Act in Furtherance of the Conspiracy)

With respect to Count One, the third element which the government must prove beyond a reasonable doubt, is that one of the conspirators committed an act in furtherance of the conspiracy in Maryland.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one act was knowingly and willfully done in Maryland, by at least one conspirator, in furtherance of some object or purpose of the conspiracy. In this regard, you should bear in mind that the act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the act does not have to be an act which, in and of itself, is criminal or constituted an objective of the conspiracy. **Only one member of the conspiracy need commit the overt act for the crime of conspiracy to be complete.**

~~You may consider which the government contends it has established through the evidence presented at trial in determining whether an act was in fact committed in furtherance of the conspiracy as charged in Count One.~~

Sand, Modern Federal Jury Instructions, 19-8 (modified); United States v. Godwin, 272 F.3d 659, 669 (4th Cir. 2001).


**OBJECTION:** Mr. Franklin objects to the language proposed by the government stricken above. No basis or support in the law for the modification proposed by the government is cited or justified. Only the sentence preceding the stricken language (now in bold) is supported by Godwin. The remainder of the modified language – stricken above – would impermissibly allow the jury to consider the government's contentions without having accepted them as true, and therefore as evidence. Only the text in bold, supported by Godwin, should be added to the standard jury instruction.


### JURY INSTRUCTION NO. 40

(Conspirator's Liability for Substantive Crimes

Committed by Co-Conspirators - Pinkerton Charge)

There is another method by which you may evaluate the possible guilt of the defendant for the substantive crimes charged in Counts Two through Six of the Indictment ~~even if you do not find that the government has satisfied its burden of proof with respect to each element of those substantive crimes.~~ This method of proof is known as co-conspirator liability. A conspirator is a person who, knowingly and intentionally agrees with one or more person to accomplish an unlawful purpose. A conspirator is responsible– that is, liable– for offenses committed by his fellow conspirators, if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Accordingly, if, in light of my instructions, you find beyond a reasonable doubt that a

defendant was a member of a conspiracy, then you may also, but are not required to, find him guilty of the substantive crimes charged against him in the indictment, provided you find beyond a reasonable doubt each of the following elements:

**First, that the crime charged in the substantive count was committed;**

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonable foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find a defendant guilty of the substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it. The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crime. If, however, you are not satisfied as to the existence of any of these five elements, then you may not find a defendant guilty of the substantive crime unless the government proves beyond a reasonable doubt that the defendant personally committed or aided and abetted the commission of the substantive crime charged.

Sand, Modern Federal Jury Instructions, 19-13 (modified); United States v. Pinkerton, 328 U.S. 640 (1946).

**OBJECTION:**  Mr. Franklin objects to the language stricken in the first sentence of this charge. It is logically inconsistent with the first required element of the charge (in bold, above) which requires the commission of the underlying crime in which, *a fortiori*, all elements must be satisfied.  Mr. Franklin also requests the insertion of the language "you found to have existed" as contained in the standard charge.  The jury may not assume the fact of the conspiracy; the government must prove it.

## JURY INSTRUCTION NO. 52

(Second Element - Possession of a Firearm in Furtherance of a Crime of Violence)

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm in furtherance of the commission of a crime of violence.

To prove that the defendant possessed the firearm in furtherance of the crime of violence, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. Possession also means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward , advance or promote the commission of this crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering  the crime in order for this element to be satisfied.

For this element, you must also find that the defendant possessed the firearm knowingly. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the government is not required to prove that the defendant knew that he was breaking the law.

~~I remind you that in this case, you may find the defendant guilty of possessing or brandishing a firearm if you find, beyond a reasonable doubt, either: (1) that the defendant was a~~

~~member of a conspiracy, and the crimes of possessing or brandishing a firearm were committed by others in furtherance of that conspiracy; or (2) that the defendant aided or abetted the possession or brandishing of a firearm.~~

Sand, Modern Federal Jury Instructions, 35-80; 18 U.S.C. § 924(c)(4) (modified to include underlined passage).

**OBJECTION:** Mr. Franklin objects to the language stricken above. It is not part of the standard jury instruction. It is argument, or otherwise subsumed in charges related to §924(c). It's repetition here unfairly bolsters the government's charge.

## JURY INSTRUCTION NO. 54

(Purpose of the Statute)

Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States, and that federal control would be helpful to state and local authorities in meeting this problem. Accordingly, it passed a series of laws designed at giving support to federal, state and local law enforcement officials in combating crime and violence.

In your role as jurors, you are not to be concerned with the wisdom or the policy of those laws. If in fact a violation has occurred, the law should be enforced.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms which were shipped in interstate commerce.

The government contends that the defendant, John Franklin, was within the class of people prohibited from possessing firearms shipped in interstate commerce because he had been convicted of a crime punishable by more than a year in jail.

Sand, Modern Federal Jury Instruction, 35-46 (modified).

**OBJECTION:** Mr. Franklin objects to this charge in its entirety as it is unnecessary and biased in favor of the prosecution. It in no way instructs the jury as to what they must find in this case, and indeed, runs contrary to other instructions requested by the government not to question the

underlying purpose of a law.  Even the Comment to this instruction acknowledges that is appropriate to omit.  *See* Comment 35-2.

### JURY INSTRUCTION NO. 56

(First Element - Defendant's Prior Conviction)

The first element the government must prove beyond a reasonable doubt before you can convict is that before the date the defendant was charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and that the state has not restored the defendant's civil rights following that conviction.  The government and Mr. Franklin have stipulated that this element is satisfied.

**OBJECTION:**  This instruction should read as set forth above in light of the stipulation between the government and Mr. Franklin.

### JURY INSTRUCTION NO. 57

(Second Element - Defendant Possessed a "Firearm")

The second element which the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment, the defendant knowingly possessed the firearm described in Count Six.

A "firearm" is any weapon which will or is designed to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon.

To "possess" means to have something within a person's control. This does not necessarily mean that he defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the firearm, or that he had the power and intention to exercise control over them, even though it was not in his physical possession, you may find that the government has proven possession. Facts such as whether the premises in which the firearm was found was occupied by the defendant or the proximity of the firearm to the defendant can be

~~considered, among other factors.~~

~~The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.~~

~~Proof of ownership or proof of registration of the firearm is not required.~~

~~To satisfy this element, you must also find that the defendant knowingly possessed the firearm. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use that word. However, the government is not required to prove that the defendant knew that he was breaking the law, nor is the government required to prove that he knew he was a convicted felon or that he knew the gun traveled in interstate commerce.~~

~~I remind you that in this case, you may find the defendant guilty of possessing a firearm if you find, beyond a reasonable doubt, either: (1) that the defendant was a member of a conspiracy, and the crime of possessing a firearm was committed by others in furtherance of that conspiracy; or (2) that the defendant aided or abetted the possession of a firearm.~~

Sand, Modern Federal Jury Instruction, 35-49 (modified, including the underlined passage).); 18 U.S.C. § 921; See United States v. Armstrong, 187 F.3d 392, 396 (4th Cir. 1999); United States v. Langley, 62 F.3d 602, 604-05 (4th Cir. 1995); United States v. Pearce, 65 F.3d 22, 25-26 (4th Cir. 1995); United States v. Jackson, 124 F.3d 607, 610-11 (4th Cir. 1997).

**OBJECTION:** Mr. Franklin objects to the language stricken above. Mr,. Franklin proposes the following:

*This may be satisfied by physical possession. Alternatively, if you find that the defendant did not have physical possession of the firearm, but that he had <u>both</u> the power to exercise control over*

*the firearm <u>and</u> the intention to exercise control over the firearm, you may find that the government has proven possession. Possession of a firearm, however, cannot be found solely on the ground that the defendant was near or close to the weapon. Indeed, the mere presence of the defendant where a weapon may have been found does not, without more, establish that the defendant possessed the weapon. Likewise, mere knowledge by the defendant that a weapon was present does not, without more, establish that the defendant possessed the weapon. Nor can possession be found solely because the defendant associated with another person who did possess the firearm. These factors may, however, be considered by you, in connection with all of the evidence, in making your decision whether the defendant possessed the firearm.*

Based on Sand, Instruction 35-48 and instructions given in *United States v. Lloyd*, Crim. No. AMD-97-0247 (D. Md.) (Maletz, J.) and United States v. Lee, Crim. No. 99-0389 (D. Md.) (Garbis, J.); see also *United States v. Blue*, 957 F.2d 106 (4th Cir. 1992).

                                    Respectfully submitted,

                                    _____/s/_____
                                    Charles N. Curlett, Jr.
                                    Levin & Curlett LLC
                                    250 W. Pratt St., Suite 1300
                                    Baltimore, Maryland 21201
                                    Tel: 410-545-5872
                                    Fax: 410-685-2222
                                    ccurlett@levincurlett.com

                                    Ian M. Wallach
                                    Feldman & Wallach
                                    606 Venice Boulevard, Suite C
                                    Venice, California 90291
                                    Tel: 310-577-2001
                                    Fax: 310-564-2004
                                    ian@feldmanwallach.com

                                    *Counsel for John Franklin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2012, a copy of the Defendant John Franklin's Objections to the Government's Proposed Jury Instructions were served via ECF to the United States Attorney's Office.

_____/s/_____
Charles N. Curlett, Jr.