IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

vs.                      *   CRIMINAL NO. MJG-11-0095

JOHN I. FRANKLIN, Jr., et al.   *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER RE: § 2255 MOTIONS

The Court has before it Petitioner's Motion Under 28 U.S.C.
§ 2255 to Vacate, Set Aside, or Correct a Sentence By a Person
in Federal Custody [ECF No. 268], Petitioner's Supplemental
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a
Sentence By a Person In Federal Custody [ECF No. 285] and the
materials submitted relating thereto.


I.   BACKGROUND

On February 10, 2012, Defendant John Franklin ("Franklin")
was convicted by a jury on all six counts of the Indictment
charging him in regard to two carjackings perpetrated on August
14, 2010.  The charges are:

1.  Conspiracy to commit carjacking (18 U.S.C. § 371)

2.  Carjacking (18 U.S.C. § 2119(1)).

3.  Firearm possession and brandishing in furtherance
    of a crime of violence.  (18 U.S.C. §
    924(c)(1)(A)(ii)).

4.  Carjacking (18 U.S.C. § 2119(1)).

> 5.   Firearm possession and brandishing in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).
>
> 6.   Firearm possession by a felon (18 U.S.C. § 922(g)(1)).

Superseding Indictment [ECF No. 115].

On April 13, 2013, Franklin was sentenced to a total of 414 months of incarceration, consisting of:

Counts 1, 2, 4 and 6 – 30 months each, concurrent

Count 3 – 84 months consecutive

Count 5 – 300 months consecutive

Judgment [ECF No. 173].

On November 6, 2013, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence.  United States v. Franklin, 545 F. App'x 243 (4th Cir. 2013).

By the instant Motion, timely filed, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated.

II.   ORIGINAL MOTION

   A.   Asserted Grounds

Petitioner contends he is entitled to relief because:

> 1.   On arraignment, he was not correctly advised as to mandatory minimum sentences.
>
> 2.   He was denied the effective assistance of trial counsel.

2

3.    He was denied the effective assistance of
      appellate counsel.

4.    He can rely on the decision in Rosemond v. United
      States, --- U.S. ----, 134 S. Ct. 1240 (2014).

5.    The post-trial conviction of a police officer
      witness constitutes new evidence.

Mot. 2-4, ECF No. 268.

These assertions shall be addressed in turn.


B.   Discussion of Asserted Grounds

   1.   The Magistrate Judge's Arraignment Error

Petitioner was arraigned before a visiting Magistrate

Judge.   Prior to advising Petitioner of the potential sentences

he faced, the Magistrate Judge stated;

> I am going to go through the charges and
> explain them to you in a summary fashion and
> also  the maximum penalties. And
> [Prosecutor] I would ask you that if I make
> any errors, please bring them to my
> attention so – I know these are all summary
> and I may be leaving something out.

Tr. 3:6-10, Mar. 11, 2011, ECF No. 188.

She did, in fact, leave something out; the omission was

material and was not brought to her attention by the prosecutor.

The Magistrate Judge stated in regard to the charges of

firearm possession and brandishing in furtherance of a crime of

violence, 18 U.S.C. § 924(c)(1)(A)(ii):

> Counts 3 and 5 charge possession of a
> firearm in furtherance of a crime of
> violence. Those counts carry a maximum life
> sentence plus a mandatory minimum 7 years in
> prison. So between 7 years and life plus a
> fine of $250,000 and a term of 5 years
> supervised release and a $100 special
> assessment.

Id. at 3:21-4:1.

This statement was misleading to Petitioner.  Specifically,

it did not inform Petitioner that if he was convicted on both

Counts 3 and 5, he faced a mandatory minimum sentence of 32

years, 7 years on one of the counts and 25 years consecutive on

the other.

The Government contends that Petitioner is procedurally

barred from asserting the Magistrate Judge's arraignment error

in the instant motion.  The Government states in this regard:

that "it is only Petitioner's ineffective assistance of counsel

claim that opens the door to the present post-conviction

consideration of his plea. Therefore, the issue to be resolved

here is whether Petitioner can substantiate an ineffective

assistance of counsel claim based on the alleged sentencing

misinformation given at trial."  Gov't Resp. 8, ECF No. 275.

The Court finds that even if the arraignment error issue

were not procedurally barred, it would not be a basis for relief

for Petitioner absent a showing of prejudice.  The essential

question here present is not whether Petitioner was misinformed

about the pertinent mandatory minimum sentence at the time of

arraignment but at the time he decided to reject a plea

agreement calling for a 12-year sentence.  Thus, the arraignment

issue melds into Petitioner's contention that trial counsel was

ineffective because he did not advise Petitioner of the

potential 32-year mandatory minimum sentence.

Accordingly, the matter shall be addressed herein in regard

to Petitioner's ineffective assistance of counsel contentions.


2. Ineffective Assistance of Trial Counsel

In order to prevail on a claim that counsel's

representation violated his Sixth Amendment right to effective

assistance of counsel, Petitioner must show (1) "that counsel's

representation fell below an objective standard of

reasonableness,"[1] and (2) "that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  Strickland v.

Washington, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable

probability is a probability sufficient to undermine confidence

in the outcome [of the proceedings]."  Id. at 694.

If, on a § 2255 motion, the motion and the files and

records of the case do not conclusively show that the prisoner

---

[1]    Thus overcoming a presumption that counsel's conduct (i. e.
representation of the criminal defendant) was reasonable.  See
Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

is not entitled to relief, the court must make findings of fact

and conclusions of law regarding the issues presented. 28 U.S.C.

§ 2255.  As discussed herein, several of Petitioner's

ineffective assistance of counsel claims are based upon

statements allegedly made to him by trial counsel.  The

Government has not presented evidence refuting Petitioner's

affidavit regarding these statements.  Hence, in considering

whether the record conclusively shows that Petitioner cannot

prevail, the Court must assume that these statements were made

as set forth in Petitioner's affidavit.

As discussed herein, the record does not conclusively show

that Petitioner cannot prevail on his ineffective assistance of

counsel claims regarding his rejection of an offered plea

agreement.  Of course, the Court is not determining that these

contentions are meritorious.  However, Petitioner is entitled to

an evidentiary hearing regarding these claims.


a. Rejection of the Plea Agreement Offer Claims

The Government does not appear to dispute that Petitioner

rejected the offer of a plea agreement that would have resulted

in a sentence of 12 years of incarceration.  Petitioner claims

that he was denied the effective assistance of counsel in regard

to his rejection of the plea agreement.

In Lafler v. Cooper, --- U.S. ----, 132 S. Ct. 1376 (2012),

a defendant charged with assault with intent to commit murder

and other charges was offered a plea agreement that included a

recommendation for a sentence of 51 to 85 months.  Id. at 1383.

Counsel advised the Defendant to reject the offer because,

counsel said, the prosecution could not establish intent to

commit murder.  Id.  In Lafler, the prosecution conceded "that

counsel's advice with respect to the plea offer fell below the

standard of adequate assistance of counsel guaranteed by the

Sixth Amendment . . . ."  Id.  The Defendant proceeded to trial,

was convicted and received a sentence of 185 to 360 months.  Id.

The Lafler Court stated:

> Defendants have a Sixth Amendment right
> to counsel, a right that extends to the
> plea-bargaining process.  During plea
> negotiations defendants are "entitled to the
> effective assistance of competent counsel."
> . . . In this case all parties agree the
> performance of respondent's counsel was
> deficient when he advised respondent to
> reject the plea offer on the grounds he
> could not be convicted at trial.
>
> . . . .
>
> The question for this Court is how to
> apply Strickland's prejudice test where
> ineffective assistance results in a
> rejection of the plea offer and the
> defendant is convicted at the ensuing trial.
>
> To establish Strickland prejudice a
> defendant must "show that there is a
> reasonable probability that, but for

7

> counsel's unprofessional errors, the result
> of the proceeding would have been
> different."  In the context of pleas a
> defendant must show the outcome of the plea
> process would have been different with
> competent advice.

Id. at 1384 (citations omitted).

Thus, the question presented is whether trial counsel's advice pertinent to the plea agreement was constitutionally deficient and, if so, whether, absent the erroneous advice, Petitioner would have accepted the offered plea agreement.

### i.  The Mandatory Minimum Sentence Contention

As discussed above, the visiting Magistrate Judge conducting the arraignment advised Petitioner that he faced mandatory minimum sentences of 7 years on each of Counts 3 and 5 but did not advise him that if he was convicted on both Counts 3 and 5, the mandatory minimum sentence would be 32 years. Petitioner states in his affidavit that trial counsel did not advise him of the potential 32-year mandatory minimum sentence and that, had he done so, Petitioner would have accepted a plea agreement that would have resulted in a 12-year sentence. Pet'r Aff. ¶¶ 2-3, ECF No. 268-1.

The Government does not offer any evidence contradicting Petitioner's affidavit but asserts that it is "self-serving." Gov't Resp. 12, ECF No. 275.  Of course, it is self-serving; but

it is the only evidence of record regarding what he was told by trial counsel.

The Court does not find that the record, as it now exists, conclusively refutes Petitioner's statement that he was uninformed by trial counsel of the mandatory minimum sentence he faced if convicted on both Counts 3 and 5 at trial. Nor does the record now conclusively establish that a failure to provide this information would, in context, have been below the standard for effective assistance of counsel. If it had been below that standard, it would be necessary to determine if, having been given the correct advice, Petitioner would have accepted the plea agreement that he rejected.

Thus, the Court finds it necessary to make factual determinations regarding the mandatory minimum sentence contention.

### ii.  The Conspiracy Advice Contention

Petitioner claims that trial counsel "told me I should go to trial because they could beat the conspiracy charge and without a conspiracy conviction the government had no case against me." Pet'r Aff. ¶ 6, ECF No. 268-1. The Government offers no evidence to contradict Petitioner's affidavit and may

9

be agreeing[2] that the advice was given.  In either event, the
record does not conclusively refute Petitioner's contention that
the advice was given and was erroneous because competent counsel
would not have advised him that he could prevail on the
conspiracy charge.

Since, as it appears must be assumed for present purposes,
Petitioner had been given deficient advice regarding the
prospect of acquittal on the conspiracy charge, the Court must
consider whether he would have accepted the offer had competent
advice been provided to him.  It must be noted that acquittal on
the conspiracy charge could well result in acquittal on all
charges on which he was subject to conviction as a co-
conspirator on a Pinkerton[3] theory.

The record does not conclusively establish that Petitioner
cannot prevail on the "conspiracy advice" claim.  Thus, the
Court finds it necessary to make factual determinations
regarding the "conspiracy advice" contention.


     b. Police Report Impeachment

Petitioner claims that counsel "failed to impeach the

---

2    It is not clear if the Government is assuming that the
advice was given or actually agrees that it was given as
Petitioner states.
3    328 U.S. 640 (1946).

relevant witnesses with a police report of the description

of the alleged suspects, none of which matched me."  Pet'r

Aff. ¶ 7, ECF No. 268-1.

The Court finds that trial counsel made a reasonable

tactical decision to eschew impeaching Mr. Sean Gallion-

Thomas regarding his identification of Petitioner as one of

the individuals present in his car when his car was

carjacked.  Any defense effort to deny Petitioner's presence

at the time would have been ineffective and likely

counterproductive.  To the extent that there may have been

any viable defense theory at all, it would not be based upon

the purported absence of Petitioner from the scenes of the

crimes.

The record conclusively shows that there is no

reasonable probability that trial counsel's use of the

description would have resulted in a verdict more favorable

to Petitioner.


c.  Jury Instruction Conference

Petitioner contends that trial counsel provided

constitutionally ineffective assistance when they did not advise

Petitioner of his right to be present during the jury

instruction conference.  However Petitioner had no such right.

11

Rule 43(b)(3), Federal Rules of Criminal Procedure,

provides that a defendant need not be present at a proceeding

that "involves only a conference or hearing on a question of

law."

The record conclusively shows that Petitioner cannot

prevail on the jury instruction conference contention.


### d. Jury Instruction

Petitioner contends that trial counsel provided

constitutionally ineffective assistance when they failed to

request a jury instruction that Petitioner could not be found

guilty of aiding and abetting the 924(c) charges if the

Government failed to prove that Petitioner had advance knowledge

that one of the other assailants was in possession of a firearm.

This contention is based upon the Supreme Court decision in

Rosemond v. United States, --- U.S. ----, 134 S. Ct. 1240

(2014).  In Rosemond, the Supreme Court granted certiorari "to

resolve the Circuit conflict over what it takes to aid and abet

a § 924(c) offense." Id. at 1245.  The Court held that "the

District Court erred in instructing the jury, because it did not

explain that Rosemond needed advance knowledge of a firearm's

presence" to be convicted as an aider and abettor. Id. at 1251.

The critical problem with this ineffective assistance of counsel claim is that the jury verdict was rendered on February 10, 2012, and the Supreme Court did not grant <u>certiorari</u> in <u>Rosemond</u> until May 28, 2013, more than a year later and did not issue its decision until March 5, 2014, two years after the trial of the instant case was concluded.

There has been no plausible showing of ineffective assistance of counsel for not having anticipated that, some two years later, a Supreme Court decision would have given them a basis to request an instruction requiring proof that Petitioner had advance knowledge that a firearm would be present at the carjackings.

The record conclusively shows that Petitioner cannot prevail on the jury instruction contention.


e.   <u>Out of Court Identification</u>

Petitioner claims that trial counsel provided constitutionally ineffective assistance when they failed to request that an out-of-court identification be suppressed when the District Court gave counsel that opportunity.

In this case, the essence of the defense strategy – and the only plausible defense strategy – was to acknowledge that Petitioner was present at the time of the carjackings but that

he did not participate in the crimes.  The victim of the first carjacking made an out-of-court photo array identification of Petitioner that the Court would have suppressed.  However, Petitioner's counsel did not want suppression of the evidence but chose to utilize it in cross-examination of the victim.  The Court finds no reason to fault this tactical decision.

The record conclusively shows that Petitioner cannot prevail on the out-of-court identification contention.

### 3.   Ineffective Assistance of Appellate Counsel

#### a.   Jury Instruction conference

Petitioner contends that appellate counsel provided constitutionally ineffective assistance when she failed to argue that Petitioner's rights were violated when the jury instruction conference was held out of his presence and without any waiver of his presence.

As discussed above, Petitioner had no right to be present at the jury instruction conference.  See Rule 43(b)(3), Federal Rules of Criminal Procedure.

The record conclusively shows that Petitioner cannot prevail on the jury instruction conference contention.

b.    Out of Court Identification

Petitioner contends that appellate counsel provided

constitutionally ineffective assistance when she failed to argue

that the out-of-court identification by Mr. Gallion-Thomas

should have been suppressed. As discussed above, trial counsel

made the tactical decision – a valid one in the view of the

Court - not to seek to suppress the identification but to

utilize it during cross-examination of the victim.  Appellate

counsel had no basis to raise the suppression issue on appeal.

The record conclusively shows that Petitioner cannot

prevail on the out-of-court identification contention.


c.   The Rosemond Case Motions

Petitioner contends that appellate counsel provided

constitutionally ineffective assistance when she failed to

request that the appeal be held in abeyance pending the Supreme

Court's resolution of Rosemond or request that Franklin be

allowed to supplement his petition for writ of certiorari.

Petitioner seeks to have this Court determine what would

have been done by the United States Court of Appeals for the

Fourth Circuit and the Supreme Court had appellate counsel,

sometime after May 28, 2013 (when certiorari was granted in

Rosemond), sought procedural relief, i.e., a stay of decision by

15

the Fourth Circuit and leave to file a supplement to a petition

for <u>certiorari</u> in the Supreme Court.

As discussed below, Petitioner contends that, without

regard to the ineffective assistance of counsel contention, he

is entitled to relief by virtue of the <u>Rosemond</u> decision.

The Court finds that oral argument will be helpful

regarding the <u>Rosemond</u> decision issues.


4.   <u>Post-Trial Conviction of Police Officer</u>

Petitioner contends that his constitutional rights to a

fair trial were violated because a police officer who offered

substantial evidence against him at trial was later convicted of

committing perjury and misconduct in the course of his

employment.

A police officer testified at Petitioner's trial that he

recovered a cellphone belonging to the first carjacking victim,

Mr. Gallion-Thomas, during a pat down of Petitioner.  Petitioner

has presented evidence indicating that the police officer

pleaded guilty to charges of perjury and misconduct in office,

sentenced to three years of incarceration, all but six months

suspended, the six months to be on house-arrest.   While the

sentencing proceeding was held May 8, 2014, Petitioner asserts

that the offenses were committed in June 2012.  Petitioner

contends that because of the perjury conviction of the police officer, his constitutional right to a fair trial was denied.

The Government – for some reason – did not respond at all to this contention.

Under the circumstances, the Court will require a response by the Government. However, the Court first will require a clarification of Petitioner's claim in regard to this matter. In particular, Petitioner must explain the basis upon which he contends that there was a violation of his constitutional rights in a trial ending February 2012 by virtue of perjury in an unrelated matter that was committed in June 2012 and resulted in a conviction in 2014.

### 5. The Rosemond Decision

Petitioner contends that, by virtue of the Supreme Court decision in Rosemond, his convictions on the § 924(c) charges must be vacated.

The Court finds that this contention warrants oral argument both as to the substantive merits of the claim[4] and whether the decision can be applied retroactively to the instructions in the instant case.

---

4    I.e., whether the instructions given complied with the Rosemond decision.

17

III.  <u>THE SUPPLEMENTAL MOTION</u>

On September 18, 2015, Supplemental Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct a Sentence By a Person In Federal Custody [ECF No. 285] was filed.  Petitioner seeks to rely upon the Supreme Court decision in <u>Johnson v. United States</u>, --- U.S. ----, 135 S. Ct. 2551 (2015).

The Government asserts that Petitioner's arguments, as a matter of statutory interpretation, are time-barred.  However, Petitioner seeks to assert constitutional rights newly recognized by the Supreme Court in <u>Johnson</u> on June 26, 2015 and are timely pursuant to 28 U.S.C. § 2255(f)(3).

At present there are a plethora of pending cases in which prisoners are presenting collateral attacks on § 924(c) convictions based upon <u>Johnson</u>.  Moreover, there are inconsistent judicial decisions on the issues presented and no definitive ruling by the United States Court of Appeals for the Fourth Circuit.

Under the circumstances, the issues presented warrant oral argument and supplemental briefing to be filed shortly before the oral argument.

IV.  <u>CONCLUSION</u>

For the foregoing reasons:

18

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to
     Vacate, Set Aside, or Correct a Sentence By a
     Person in Federal Custody [ECF No. 268] and
     Petitioner's Supplemental Motion under 28 U.S.C.
     § 2255 to Vacate, Set Aside  or Correct a
     Sentence By a Person In Federal Custody [ECF No.
     285] remain PENDING.

2.   Further proceedings shall be scheduled pursuant
     to the instant discussion.


SO ORDERED, this <u>Monday, March 14, 2016</u>.


                          _____/s/_____
                          Marvin J. Garbis
                       United States District Judge