IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

      vs.                    *   CRIMINAL NO. MJG-11-0095

JOHN I. FRANKLIN, JR., ET AL. *

\*    \*    \*    \*    \*    \*    \*    \*    \*

SECOND MEMORANDUM AND ORDER RE: § 2255 MOTIONS

The Court has before it Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody [ECF No. 268], Petitioner's Supplemental Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person In Federal Custody [ECF No. 285], and the materials submitted relating thereto.

The Court has held a hearing including the taking of evidence and had the benefit of the arguments of counsel. The Court has made factual findings herein based on its evaluation of the evidence and the reasonable inferences drawn therefrom.

I.   BACKGROUND

On February 10, 2012, Defendant John Franklin ("Franklin") was convicted by a jury on all six counts of the Indictment charging him in regard to two carjackings perpetrated on August 14, 2010. The charges are:

    1.   Conspiracy to commit carjacking (18 U.S.C. § 371).

      2. [First] Carjacking (18 U.S.C. § 2119(1)).

      3. Firearm possession and brandishing in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).

      4. [Second] Carjacking (18 U.S.C. § 2119(1)).

      5. Firearm possession and brandishing in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).

      6. Firearm possession by a felon (18 U.S.C. § 922(g)(1)).

Superseding Indictment [ECF No. 115].

On April 13, 2013, Franklin was sentenced to a total of 414 months of incarceration, consisting of:

- Counts 1, 2, 4, and 6 – 30 months each, concurrent (total of 30 months).
- Count 3 – 84 months consecutive (mandatory minimum).
- Count 5 – 300 months consecutive (mandatory minimum).

Judgment [ECF No. 173].

On November 6, 2013, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. United States v. Franklin, 545 F. App'x 243 (4th Cir. 2013).

By the instant Motions, timely filed pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated.

By the [First] Memorandum and Order Re: § 2255 Motions [ECF No. 318], the Court denied most of Petitioner's claims but left pending for further proceedings his claims that:

1. He was denied the effective assistance of trial counsel in regard to his rejection of plea agreement offers.

2. He is entitled to relief by virtue of Rosemond v. United States, --- U.S. ----, 134 S. Ct. 1240 (2014).

3. He is entitled to relief by virtue of Johnson v. United States, --- U.S. ----, 135 S. Ct. 2551 (2015).

II. DISCUSSION

  A. Ineffective Assistance of Counsel

It is established that a defendant is entitled to the effective assistance of counsel in regard to the acceptance or rejection of plea agreements. Lafler v. Cooper, --- U.S. ----, 132 S. Ct. 1376 (2012).

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[1] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] Thus overcoming a presumption that counsel's conduct (i.e., representation of the criminal defendant) was reasonable. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694.

The Court has conducted an evidentiary hearing regarding Petitioner's ineffective assistance of counsel contentions.

There were plea agreement negotiations prior to trial in the course of which the Government offered plea agreements that, in essence, would have resulted in a 12-year or 15-year sentence.  Petitioner rejected these offers.  During trial, following the Government's presentation of evidence, Petitioner was offered a plea agreement that would have resulted in a 17 year sentence.  Petitioner rejected this offer, proceeded through trial, was convicted on all Counts and was sentenced to 414 months (34 years, 6 months) of incarceration.

Petitioner contends that he did not understand, and his counsel did not make clear, that if convicted at trial he could receive any sentence in excess of seven years.  Petitioner further contends that he was advised by his trial counsel that he would be found not guilty of conspiracy and acquitted on all charges.

4

### 1. The Sentence Exposure Contentions

Petitioner contends that he understood that the maximum sentence he could receive if convicted at trial was seven years. He bases this on the fact that, in the course of his arraignment, he was advised incorrectly by the presiding Magistrate Judge[2] that, if he was convicted on both Counts 3 and 5, he would be subject to a mandatory minimum sentence of seven years. The correct advice would have been that he faced a total mandatory minimum sentence of 32 years if convicted on both Counts 3 and 5.

While Petitioner was advised that he would be sentenced to seven years if convicted on Counts 3 and 5, he could not reasonably have believed that he was exposed to no more than a total sentence of seven years in the case.

The arraignment included the following:

> MAGISTRATE JUDGE:
> I am going to go through the charges and explain them to you in a summary fashion and also the maximum penalties. And [Prosecutor] I would ask you that if I make any errors, please bring them to my attention so – I know these are all summary and I may be leaving something out.
>
> So Mr. Franklin, count 1 of the indictment is a charge of conspiracy to commit carjacking. It carries a maximum sentence of up to 5 years in prison or $250,000 fine or both. Plus a term of up to

---

2  From another district.

>    one year supervised release and a $100 special assessment.
>
>    Counts 2 and 4, that is right, charge carjacking and aiding and abetting. Carjacking -- those two counts carry a maximum sentence of up to 15 years in prison or a $250,000 fine or both plus a three year term of supervised release and a $100 special assessment.
>
>    Counts 3 and 5 charge possession of a firearm in furtherance of a crime of violence. Those counts carry a maximum life sentence plus a mandatory minimum 7 years in prison. So between 7 years and life plus a fine of $250,000 and a term of 5 years supervised release and a $100 special assessment.
>
>    And then there is a count 6 which is possession of a firearm by a convicted felon, that carries a maximum sentence of 10 years in prison or $250,000 fine or both plus a term of 3 years supervised release and a $100 special assessment.
>
>    So generally, Mr. Franklin, do you understand the charges in the indictment?
>
>    THE DEFENDANT: Yes, ma'am.
>
>    THE COURT: All right. You understand the maximum penalties also?
>
>    THE DEFENDANT: Yes, Your Honor.[3]

Tr. 3/11/2011 [ECF No. 188] at 3-4.

Petitioner was not accurately informed that conviction on both 924(c) charges, Counts 3 and 5, would result in a mandatory

---

[3] Also, the prosecutor stated that if Petitioner were an armed career criminal, the maximum penalty on Count 6 would be life imprisonment with a fifteen-year mandatory minimum.

minimum sentence of 32 years rather than 7 years consecutive to any sentence on the other Counts.  However, he was correctly informed that he faced maximum sentences on Counts 1, 2, 4, and 6 totaling 45 years.  Thus the Court does not find that Petitioner believed, or could reasonably have believed, at the conclusion of his arraignment that he could not receive any sentence greater than seven years, even if convicted on all charges.

Moreover, the Court finds credible the testimony of Petitioner's trial counsel, Charles Curlett, Esquire that Petitioner was advised repeatedly of his correct sentence exposure, specifically regarding the mandatory minimum sentence exposure on Counts 3 and 5.

### 2. Prediction of Acquittal at Trial

In Petitioner's affidavit, he states:

> Mr. Curlett and Mr. Wallach told me I should go to trial because they could beat the conspiracy charge and without a conspiracy conviction the government had no case against me.

[ECF No. 268-1] at 2.

At the hearing on the instant motion, after hearing the testimony of Mr. Curlett that no such advice was given, Petitioner testified.  He did not state that Mr. Curlett gave

7

him the advice.  Rather, he testified that he got the advice in the court lockup area from Mr. Wallach and that Mr. Curlett arrived after the advice was given but, in effect confirmed the advice.

Mr. Wallach, a Los Angeles attorney, was not brought to Baltimore to testify.  However, the Court finds his testimony unnecessary and finds credible Mr. Curlett's testimony that he and Mr. Wallach advised Petitioner to accept the plea offers.  The Court does not find that either attorney told or indicated to Petitioner that he would be acquitted on the conspiracy charge and all charges.

Furthermore, Petitioner testified, the "sole reason" for his rejecting the plea agreements and going to trial was his purported belief that the highest sentence he could get was seven years.  As discussed above, Petitioner did not have, and could not reasonably have had, such a belief.

B.  The Rosemond Issues

The jury rendered its verdict in the instant case on February 13, 2012.  More than two years later, on March 5, 2014, the United States Supreme Court issued its decision in Rosemond v. United States, --- U.S. ----, 134 S. Ct. 1240 (2014), holding that a defendant could not be found guilty as an aider and

8

abettor on a § 924(c) charge unless the jury found that the defendant had advance knowledge that the physical perpetrator was in possession of a firearm.  The Supreme Court stated that "the District Court erred in instructing the jury, because it did not explain that Rosemond needed advance knowledge of a firearm's presence."  Id. at 1251 (emphasis added).

### 1.   Appellate Counsel

On May 28, 2013, while Petitioner's case was pending on direct appeal, the Supreme Court granted certiorari in Rosemond. Petitioner contends that his appellate counsel was ineffective by failing to seek a stay of his direct appeal pending the Supreme Court decision in Rosemond.  The effect of a stay would have been to eliminate any issue as to whether the Rosemond decision was retroactive.

Because, as noted below, the Court shall, consistent with Department of Justice policy, treat the Rosemond decision as retroactive, the appellate ineffective assistance claim is moot.

### 2.   The Effect of Rosemond

In Rosemond, the Supreme Court held that a defendant could not be found guilty as an aider and abettor on a § 924(c) charge

9

unless the jury found that the defendant had advance knowledge that the physical perpetrator was in possession of a firearm.

The Department of Justice has instructed its attorneys to take the position that Rosemond is retroactive. Assistant United States Attorney Sippel, Government counsel in the instant case, has stated that he personally does not agree with the Department's position and states that the majority of courts addressing the issue have held that Rosemond is not retroactive. The Court nevertheless accepts the Department of Justice position and shall treat Rosemond as retroactive.

At trial, the Court instructed the jury that it could convict Petitioner as an aider and abettor on the substantive charges (including the two § 924(c) charges)[4] if,

> one, the crime charged was, in fact, committed by somebody other than the defendant; two, the defendant participated in the crime charged as something he wished to bring about; three, he associated himself with the criminal venture knowingly and willfully; and, four, he sought by his actions to make the criminal venture succeed.

Tr. 2/9/17 [ECF No. 198] at 117-18. The Court, following the pre-Rosemond law, did not instruct the jury that to find Petitioner guilty on the § 924(c) charges it had to find that

---

4   Count 3 (the first carjacking) and Count 5 (the second carjacking).

10

Petitioner knew in advance of the carjacking that a perpetrator of the offense possessed a firearm.

The Court also instructed the jury that it could convict Petitioner on the substantive charges (including the § 924(c) charges) on a Pinkerton[5] theory, that is, if they found (1)Petitioner guilty of conspiracy, (2) that the crime was committed by a co-conspirator, and (3) that Petitioner could reasonably have foreseen that the crime might be committed by a co-conspirator.

The jury found Petitioner guilty on both Count 3 (first carjacking) and Count 5 (second carjacking).  The verdict does not reveal whether the convictions were based upon an erroneous aider and abettor instruction (in light of Rosemond) or a correct Pinkerton instruction.

The Supreme Court has said, that:

> In [analogous] circumstances, we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.

Yates v. United States, 354 U.S. 298, 312 (1957), overruled on other grounds by Burks v. United States, 437 U.S. 1 (1978).

---

5    Pinkerton v. United States, 328 U.S. 640 (1946).

However, in United States v. Hare, 820 F.3d 93 (4th Cir. 2016), as in the instant case, there had been a pre-Rosemond § 924(c) aider and abettor instruction that did not require advance knowledge of the firearm.  The Hare court held that a plain error standard was applicable and the defendants had to establish that the error actually affected the outcome of the proceedings. Id. at 104-05.  In Hare, where the evidence amply established that it was reasonably foreseeable that a co-conspirator would possess a firearm, the instruction error was determined harmless.

While Petitioner may well not need to establish plain error in the instant case,[6] the Court finds that he has done so.

Of course, the error was plain in light of Rosemond.  The error was prejudicial because the evidence was inadequate to establish Petitioner's guilt of Count 3 (the first carjacking) on a Pinkerton theory.

In the first carjacking, the substantive § 924(c) offense was committed by Defendant Frazier, who, in the course of the carjacking pulled out a firearm, put it in the victim's side,

---

6   E.g., because there was cause and prejudice, United States v. Frady, 456 U.S. 152 (1982); cause being (1) the novelty of the issue, or (2) all counsel's not answering the Court's inquiry "to what extent is there a knowledge element on an aiding and abetting theory," or (3) actual innocence.

and told him to get out of the car.  Tr. 2/09/2015 [ECF. No. 198] at 12.

The Government's evidence was not adequate to establish beyond a reasonable doubt that Petitioner knew that Frazier had a firearm prior to the crime or could reasonable foresee that a co-conspirator would utilize a firearm in the course of the conspiracy.  At most the evidence established that, prior to the first carjacking, Defendant Troy Williams, a cooperating witness for the Government, knew that Frazier had a gun and planned to use it to rob people.  The paucity of the Government evidence as to Petitioner's knowledge of the gun prior to the first carjacking is illustrated by the Government's Supplemental Briefing, stating the conclusion that the evidence was "ample" and presenting an inadequate basis for the conclusion.

> In Franklin's case, there was ample evidence that demonstrated reasonable foreseeability to all defendants that a co-conspirator would use a firearm. During trial, co-conspirator Troy Williams testified and explained to the jury how Franklin, co-conspirator Dwayne Frazier, and he met at his apartment on August 14, 2010. See Trial Transcript, Day 4 – February 9, 2012, at 7-8. During the meeting, Franklin suggested to Frazier and Williams that they go downtown to get some money, meaning that they were going to rob persons for money. Id. at 8-10. When the men left the residence, defendant Frazier was armed with a handgun. Id. at 10. The men then walked downtown to Baltimore Street. Id. at 10-11.

13

> The three men, including Franklin, then carjacked two vehicles.
>
> \* \* \*
>
> This evidence amply establishes that firearms were used in furtherance of the carjackings and the use of such firearms was foreseeable to Franklin. While at Williams's apartment, Franklin, Frazier and Williams planned to rob people in downtown Baltimore, and Frazier left the apartment with a .357 revolver.

[ECF No. 321] at 5-6.

The evidence does not "amply," or at all, provide a basis for a finding beyond a reasonable doubt that Petitioner could reasonably foresee, much less know, prior to the first carjacking, that Frazier had a firearm.

The evidence established that Petitioner agreed to proceed with Frazier and Williams to rob people and that, after hailing a "hack" to proceed to a club, Frazier pulled out a gun. The evidence was not adequate to prove that Petitioner reasonably foresaw that Frazier had a gun that would be used within the scope of the conspiracy.

The Court's decision on the sufficiency of the evidence for a Pinkerton theory of culpability does not run afoul of the law of the case doctrine or the mandate rule, as the Government contends. The issue of reasonable foreseeability was not raised on appeal, nor was it "actually decided" or "decided by

14

necessary implication" by the United States Court of Appeals for the Fourth Circuit. Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988). The Fourth Circuit court noted in its review of Petitioner's convictions on Counts 3 and 5,

> Franklin's sole argument is that these convictions cannot stand if we conclude that the evidence is insufficient to support his carjacking and conspiracy convictions. Because we hold that the carjacking and conspiracy convictions are supported by ample evidence, we conclude that Franklin's challenges to the convictions under Counts 3 and 5 likewise fail.

United States v. Franklin, 545 F. App'x 243, 249-50 (4th Cir. 2013) (emphasis added). In a footnote, the court noted

> A defendant may be convicted for violating Section 924(c) on the basis of a co-conspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant. United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998). Here, the evidence showed that during both carjacking incidents, one of Franklin's co-conspirators possessed a firearm and pointed it at the driver in Franklin's presence, thereby allowing the co-conspirators to steal the victims' cars and possessions. Accordingly, we conclude that the evidence supports Franklin's convictions for violating 18 U.S.C. § 924(c).

Id. at 250 n. 2. The court did not discuss particular evidence of reasonable foreseeability, and its holding on Counts 3 and 5 was based upon its conclusion that "the carjacking and conspiracy convictions are supported by ample evidence." Id. at

15

249. Therefore, Petitioner's 924(c) convictions on a Pinkerton theory are not the law of the case or covered by the mandate of the appellate court. Cf. Sejman, 845 F.2d at 69 ("[The law of the case doctrine] does not reach questions which might have been decided but were not.").

The error affected Petitioner's substantial rights because he could not have been convicted properly of the § 724(c) offense regarding the first carjacking on a Pinkerton theory and was convicted on the aider and abettor theory without a finding that he knew in advance that Frazier possessed a firearm.

The Court shall set aside Petitioner's conviction on Count 3 (the first carjacking). However, the Court recognizes that the Government was not aware that there would be a need to prove Petitioner's advance knowledge of the firearm at the trial. Hence, it is possible that, now knowing of the requirement, the Government can establish the requisite knowledge.

Accordingly, the Government shall be provided the opportunity to decide to retry Petitioner on Count 3.

## C. The Johnson Issues

The parties agree that Petitioner is not entitled to relief based upon Johnson v. United States, --- U.S. ----, 135 S. Ct. 2551 (2015). [ECF No. 347].

IV. CONCLUSION

For the foregoing reasons:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody [ECF No. 268] is GRANTED IN PART.

2. Petitioner's Supplemental Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence By a Person In Federal Custody [ECF No. 285] is DENIED AS WITHDRAWN.

3. Petitioner's conviction on Count 3 is set aside.

4. Government counsel shall arrange a conference, which can be attended by telephone, to discuss further proceedings herein.

SO ORDERED, this Friday, January 06, 2017.

/s/
Marvin J. Garbis
United States District Judge